UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MONIQUE ROBINSON, | Case No. 1:15-cv-82 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| DR. JASON RUEGGEBERG, et al. | |
| Defendants. | |

### REPORT AND RECOMMENDATION

On February 5, 2015, Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this employment discrimination case against an individual, Dr. Jason Rueggeberg, as well as Kenwood Family Chiropractic. Kenwood Family Chiropractic answered the Complaint, but Defendant Rueggeberg filed a motion to dismiss in lieu of filing an answer. (Doc. 11). Plaintiff filed a response,[1] to which Defendant has filed a reply. (Docs. 14, 16). Pursuant to local practice, the case has been referred to the undersigned magistrate judge for disposition of all pretrial matters, including the filing of a report and recommendation on any dispositive motions. See 28 U.S.C. §636(b).

### I. Background

Plaintiff names two Defendants: an individual, Dr. Jason Rueggeberg, and Kenwood Family Chiropractic. As a *pro se* litigant, Plaintiff completed a complaint form supplied by the Court for use in employment litigation suits. Plaintiff has attached to her

---

[1] Although the undersigned conditionally granted Plaintiff's request for assistance in obtaining counsel by referring this matter to the Volunteer Lawyers Project, (Doc. 17), that referral has no impact on the pending motion to dismiss.

complaint a narrative "Statement of Claim" that alleges that she is an African American female with significant hearing loss and some visual impairment.  She alleges that, previously, in 2012, she filed a discrimination charge against Kenwood Family Chiropractic that resulted in a Memorandum of Understanding.  However, she alleges that Kenwood Family Chiropractic did not honor that 2012 Memorandum of Understanding.

Regarding the individual Defendant, Dr. Jason Rueggeberg, Plaintiff alleges that in February 2014 he pressured her to come in to work when she was physically ill, and that in March of 2014, she was frustrated with his "telling people, even those who were not my clients, that I was 'hearing impaired'." (Doc. 4 at 4).  Plaintiff's complaint goes on to state that she was injured on the job in April 2014.  She alleges she filed a new discrimination charge against Kenwood Family Chiropractic in May of 2014.  (Doc. 4 at 5).  Attached to Plaintiff's complaint is a Notice of her Right to Sue dated November 14, 2014, stating that the EEOC "has adopted the findings of the state or local fair employment practices agency that investigated this charge."  (Doc. 4 at 6).

On March 31, 2015, Dr. Rueggeberg filed the pending motion to dismiss, along with a memorandum in support and a copy of Plaintiff's administrative discrimination charge. (Doc.11).  Consistent with the Notice of Right to Sue attached to Plaintiff's complaint, the administrative charge identifies Plaintiff's sole employer as "Kenwood Family Chiropractic." (Doc. 11-1).  On July 6, 2015, Plaintiff filed a one-page response in opposition to Defendant Rueggeberg's motion to dismiss, arguing that she adequately pursued her claims at the administrative level.  Plaintiff attached 42 pages of exhibits to her response in an attempt to document her prior pursuit of administrative

2

remedies. However, as Defendant points out in his reply, nothing in Plaintiff's response or exhibits thereto offer any legal grounds on which a claim against Defendant Rueggeberg could be based.[2]

## II. Analysis

Plaintiff's *pro se* complaint is reasonably construed as alleging that both Defendants discriminated against Plaintiff during the course of her employment, based upon Plaintiff's race and disability. Defendant Rueggeberg persuasively argues that Plaintiff fails to state any claim against him individually, under either Title VII of the Civil Rights Act of 1964, as amended ("Title VII") or under the Americans with Disabilities Act ("ADA"). As a matter of law, neither Title VII nor the ADA allow for liability against an individual. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Rather, both statutes allow for liability only against an "employer," which in this case was Kenwood Family Chiropractic. *See also Powell v. Morris*, 184 F.R.D. 591, 596 (S.D. Ohio 1998)(dismissing ADA claims against individual defendants in their individual capacities). Because Dr. Rueggeberg does not qualify as an "employer," his motion to dismiss should be granted.

In addition to the fact that he does not qualify as Plaintiff's employer, the Defendant is entitled to dismissal because Plaintiff's prior discrimination charge, filed with the Ohio Civil Rights Commission (OCRC), identifies her sole employer as "Kenwood Family Chiropractic." Although Dr. Rueggeberg is briefly referenced in the

---

[2]Defendant also points out that the documents attached as exhibits to the response should not technically be considered for procedural reasons.

charge,[3] he was not previously identified as a separate respondent in the prior administrative proceedings.  Based on that fact alone, Defendant Rueggeberg is entitled to dismissal of all claims filed against him in this lawsuit.  *See generally*, 42 U.S.C. §2000e-5(f)(1)(authorizing suit only "against the respondent named in the charge" of unlawful employment practice).

### III. Conclusion

For the reasons stated, **IT IS RECOMMENDED THAT:**

Defendant's motion to dismiss (Doc. 11) be **GRANTED**, with all claims brought against Defendant Dr. Jason Rueggeberg to be **DISMISSED WITH PREJUDICE**.  Only the claims against Plaintiff's employer, Kenwood Family Chiropractic, should proceed.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3]The undersigned assumes that Plaintiff's statement that "Dr. Jason's response to my concerns regarding the disparaging gestures and comments regarding my hearing impairment…was that I had to tell everyone about my hearing impairment," and her subsequent statement that "Dr. Jason's disparaging gestures behind my back and comments are humiliating to me as a person," both refer to the individual Defendant, Dr. Jason Rueggeberg.  (Doc. 11-1 at 4-5).

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONIQUE ROBINSON,                                  Case No. 1:15-cv-82

    Plaintiff,                                 Barrett, J.
                                                Bowman, M.J.
  v.

DR. JASON RUEGGEBERG, et al.

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5